Circuit Court for Frederick County
Case No.: C-10-CV-24-000038
Argued: May 6, 2025

IN THE SUPREME COURT

OF MARYLAND

---

No. 43

September Term, 2024

---

COPINOL RESTAURANT, INC.

v.

26 NORTH MARKET LLC

---

Fader, C.J.,
Watts,
Booth,
Biran,
Gould,
Eaves,
Killough,

JJ.

---

PER CURIAM ORDER

---

Filed: May 23, 2025

|  | * | IN THE |
| COPINOL RESTAURANT, INC. | * | SUPREME COURT |
| v. | * | OF MARYLAND |
| 26 NORTH MARKET LLC | * | No. 43 |
|  | * | September Term, 2024 |

PER CURIAM ORDER

Upon consideration of the filings by Copinol Restaurant, Inc., Petitioner ("Tenant"), and 26 North Market LLC, Respondent ("Landlord"), and oral argument conducted on May 6, 2025,

Whereas, Landlord and Tenant entered into a commercial lease agreement dated December 31, 2003 ("Original Lease Agreement") for the premises located at 26 North Market Street, Frederick, Maryland ("Premises"); and

Whereas, in 2014, Landlord and Tenant entered into an Amended and Restated Lease Agreement for the Premises with a lease expiration date of March 31, 2024 ("2014 Amended Lease"); and

Whereas, Landlord and Tenant entered into a First Amendment to the 2014 Amended Lease on May 1, 2022 with a lease expiration date of March 31, 2032 ("2022 Amendment") (the Original Lease Agreement, 2014 Amended Lease, and 2022 Amended are collectively referred to as the "Lease Agreement"); and

Whereas, Tenant was late on its rent payments to Landlord in May and June of 2023, but paid all rent owed prior to the end of June; and

Whereas, on May 11, 2023, Landlord mailed Tenant a letter captioned "Notice of Lease Termination and Notice to Quit," in which Landlord stated that it was terminating the Lease based upon Tenant's late payment of rent for May and June pursuant to Section 9.1 of the Lease Agreement, giving Tenant until June 30, 2023 to vacate the Premises (Landlord subsequently extended the date by which the Tenant was required to vacate to September 30, 2023); and

Whereas, Tenant did not vacate the Premises, and, on October 5, 2023, Landlord filed a complaint in the District Court of Maryland sitting in Frederick County under the tenant holding over statute, Md. Code Ann., Real Property Article ("RP") § 8-402; and

Whereas, at trial, Tenant argued that the Lease Agreement did not expire until 2032, and, therefore, the tenant holding over statute did not apply; and

Whereas, at trial, Landlord argued that the Lease Agreement expired when the Landlord terminated it. Landlord relied on Section 2 of the First Amendment to Amended and Restated Lease Agreement, which, in relevant part, extended the Lease Expiration Date to "March 31, 2032, unless the Lease is sooner terminated in accordance with the terms and provisions of the Lease." Based on that provision, Landlord argued that its termination of the lease for Tenant's failure to pay rent changed the Lease Expiration Date to the termination date; and

Whereas, on November 13, 2023, the District Court ruled in Landlord's favor and granted Landlord possession of the Premises; and

Whereas, Tenant appealed the District Court judgment to the Circuit Court for Frederick County; and

Whereas, after a hearing, the circuit court entered a Memorandum Opinion and Order dated September 6, 2024, in which the court ruled that the holding over complaint was improper because the Lease Agreement had not expired, and vacated the District Court's judgment of possession with instructions to dismiss the holding over complaint; and

Whereas, Landlord filed a motion to alter or amend the September 6, 2024 order, which the circuit court granted and issued an Opinion and Order dated October 22, 2024, affirming the District Court's judgment and ruling that Landlord could unilaterally terminate the Lease Agreement due to Tenant's failure to timely pay rent in May and June 2023 and that Landlord could regain possession of the Premises by filing a holding over complaint under RP § 8-402; and

Whereas, Tenant filed a petition for writ of *certiorari*, which this Court granted on January 27, 2025 to answer the following questions:

1. Can a landlord unilaterally terminate a commercial lease/tenancy and evict a tenant pursuant to a Holding Over Complaint (§ 8-402) when the written lease between the parties has not expired?

2. Can a landlord unilaterally terminate a commercial lease/tenancy and evict a tenant pursuant to a Holding Over Complaint based on an alleged "breach of lease" premised on the tenant briefly being late with rent payment when, prior to the time of the landlord initiating suit, the tenant had paid all rent due and owning in full?

Whereas, on May 6, 2025, this Court held oral argument; and

Now, therefore, for reasons to be more fully explained later in an opinion to be filed, it is, this 23rd day of May, 2025, by a majority of the Supreme Court of Maryland concurring,

ORDERED, that the Order issued by the Circuit Court for Frederick County on October 22, 2024, is hereby REVERSED; and it is further

ORDERED, that the Lease Agreement has not expired, as that term is used in RP § 8-402; and it is further

ORDERED, that the tenant holding over statute, RP § 8-402, establishes a statutory mechanism that enables a landlord to regain possession of property by virtue of the landlord's reversionary interest, which is available after "the expiration of a lease"; and it is further

ORDERED, that Landlord's purported exercise of its right to terminate the lease under Section 9.1 of the Lease Agreement did not result in the "expiration of a lease" under RP § 8-402 and therefore did not give Landlord the right to avail itself of the remedies provided thereunder. The plain meaning of "expiration of a lease" in RP § 8-402 is not subject to modification by contractual lease provisions for purposes of invoking the remedies provided in that statute; and it is further

ORDERED, that the case is remanded to the Circuit Court for Frederick County for entry of judgment in favor of Tenant. Costs are to be paid by Landlord. The mandate shall issue forthwith.

Pursuant to the Maryland Uniform Electronic Legal Materials Act (§§ 10-1601 et seq. of the State Government Article) this document is authentic.

   /s/ Matthew J. Fader
Chief Justice

Gregory Hilton, Clerk